UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAMONT VICTOR GARRETT,<br><br>Defendant. | 4:24-CR-40137-RAL<br><br>OPINION AND ORDER DENYING<br>MOTION TO DISMISS INDICTMENT |

Lamont Victor Garrett is charged with possession of ammunition by a prohibited person. Doc. 1. Garrett moves to dismiss the indictment for failure to state a criminal offense and for vagueness. Doc. 55. The United States responded opposing the motion, Doc. 56, and thereafter filed a superseding indictment, Doc. 59. The superseding indictment charges Garrett with the same offense but includes more detail about the ammunition by noting the brand, caliber, and other identifying characteristics. Id. For the reasons explained below, the Motion to Dismiss Indictment for Failure to State a Criminal Offense and for Vagueness, Doc. 55, is denied.

I. Background[1]

Law enforcement executed a search warrant at Garrett's purported residence on August 21, 2024. Doc. 40 at 5–6. Garrett contends that Marvell T. Cannon leased the apartment, Doc. 55-1 at 1, and that Garrett and at least three other individuals would stay at Cannon's apartment

---

[1] This Court makes no factual findings but merely provides the context by which Garrett frames his argument. The burden is on the United States to convince a trier of fact beyond a reasonable doubt of the existence of every element of the charged offense.

1

occasionally. Doc. 55 at 1. During the search of the apartment, law enforcement seized 17 rounds of .22 Long Rifle caliber ammunition and three rounds of 9x19mm Luger caliber ammunition. Id. at 2; see Doc. 1. No firearms were found at the residence. Garrett was arrested and later indicted on November 7, 2024.

## II.  Legal Standard

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The test of the sufficiency of an indictment is "whether it contains the elements of the offense charged, and sufficiently apprises the defendant of what he must be prepared to meet." United States v. Prelogar, 996 F.3d 526, 531 (8th Cir. 2021). "An indictment which tracks the statutory language is ordinarily sufficient." Id.; see also United States v. Suhl, 885 F.3d 1106, 1112 (8th Cir. 2018) ("[W]e will reverse only if the indictment is 'so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.'" (quoting United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008))).

## III.  Discussion

### A. Sufficiency of the Indictment

The indictment charges Garrett with unlawful possession of ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), (3). Under § 922(g), the term "'knowingly' applies both to the defendant's conduct and to the defendant's status." Rehaif v. United States, 588 U.S. 225, 227 (2019). The United States therefore must prove that the Garrett knew he possessed ammunition and that he knew he had the relevant prohibited status when he possessed it. See id. The indictment alleges:

> On or about August 21, 2024, in the District of South Dakota, the defendant, Lamont Victor Garrett, having been convicted of a crime punishable by

>imprisonment for a term exceeding one year, and then knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, and being an unlawful user of a controlled substance, and knowing he was an unlawful user of a controlled substance, did knowingly possess ammunition, to wit: 17 rounds of .22 Long Rifle caliber ammunition and 3 rounds of a 9x19mm Luger caliber ammunition, all of which had been shipped and transported in interstate commerce, all in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(8).

Doc. 1-1 at 1. The language of the indictment mirrors the language of § 922(g) and alleges both the necessary knowledge-of-status and knowledge-of-conduct requirements under Rehaif. The indictment is sufficient because it apprises Garrett of the crime he faces and contains the elements of the offense charged. Prelogar, 996 F.3d at 531; see also United States v. Dvorak, 617 F.3d 1017, 1027 (8th Cir. 2010) (finding the language of an indictment sufficient even where it did not include an essential knowledge element).

Garrett argues that he could not have possessed the necessary scienter requirement since he was not aware that merely being in the same room as ammunition could lead to an indictment under § 922(g). Doc. 55 at 5–6 ("A defendant who is unaware he could be criminally charged for being in the same room as ammunition, lacks the guilty state of mind required under the language and purposes of the federal statute . . . ."). This argument, however, does not demonstrate the insufficiency of the indictment, which expressly charges Garrett with knowingly possessing the ammunition. Ultimately, whether Garrett knowingly possessed ammunition is a question for the jury,[2] and it is the United States's burden to prove beyond a reasonable doubt that Garrett knowingly possessed ammunition, in light of potential evidence that another individual leased the property and other individuals often stayed at the property.

---

[2] If the evidence is insufficient to sustain a conviction at the close of the United States's case or at the close of all testimony, this Court may enter judgment of acquittal under Rule 29(a) of the Federal Rules of Criminal Procedure.

Garrett also maintains that the indictment is insufficient because it lacks particularity concerning ownership of the ammunition and how the ammunition was transported in interstate commerce. Doc. 55 at 6–7. "[W]hile an indictment parroting the language of a federal criminal statute is often sufficient, there are crimes that must be charged with greater specificity." United States v. Resendiz-Ponce, 549 U.S. 102, 109, (2007).

Garrett cites Russell v. United States, 369 U.S. 749 (1962), where the Supreme Court held that indictments charging violations of 2 U.S.C. § 192—the statute making it a crime for a witness summoned before a congressional committee to refuse to answer questions pertinent to the inquiry—must do more than restate the language of the statute. The Court recognized that the "pertinency to the subject under inquiry of the questions to which the defendant refused to answer" was at the "very core of criminality." Russell, 369 U.S. at 764. Thus, an indictment under 2 U.S.C. § 192 must state the question or questions under congressional committee inquiry that prompted the grand jury to indict. Id. at 771.

Such an indictment is the exception, and Garrett's indictment under 18 U.S.C. §§ 922(g)(1), (3) is sufficient because it tracks the statutory language. See Prelogar, 996 F.3d at 531 ("An indictment which tracks the statutory language is ordinarily sufficient."). Questions of who owned the ammunition or how it was transported in interstate commerce do not reach the core of the alleged criminal conduct under § 922(g), which criminalizes possession of ammunition that was in fact transported in interstate commerce. The indictment, mirroring the language of § 922(g), charges Garrett of knowingly possessing such ammunition and knowing his status prohibited him from doing so. Doc. 1. Accordingly, the indictment is sufficient.

### B. Effect of Superseding Indictment

After Garrett filed the Motion to Dismiss the Indictment, Doc. 55, the United States filed a superseding indictment,[3] Doc. 59. "It is well established, at least in this circuit, that '[a]n original indictment remains pending prior to trial, even after the filing of a superseding indictment, unless the original indictment is formally dismissed.'" United States v. Rupp, 994 F.3d 946, 949 (8th Cir. 2021) (quoting United States v. Yielding, 657 F.3d 688, 703 (8th Cir. 2011)); see United States v. Rojas-Contreras, 474 U.S. 231, 237 (1985) (Blackmun, J. concurring) ("The term 'superseding indictment' refers to a second indictment issued in the absence of a dismissal of the first."). The indictment, Doc. 1, has not been formally dismissed and thus remains pending notwithstanding the filing of the superseding indictment, Doc. 59.

### IV. Conclusion

For the above reasons, it is

ORDERED that the Motion to Dismiss Indictment for Failure to State a Criminal Offense and for Vagueness, Doc. 55, is denied.

DATED this 20th day of May, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

---

[3] The superseding indictment tracks the language of § 922(g) and adds further information about the brands and headstamp markings of the ammunition Garrett allegedly illegally possessed. Doc. 59.