UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAMONT VICTOR GARRETT,<br><br>Defendant. | 4:24-CR-40137-RAL<br><br><br>OPINION AND ORDER GRANTING<br>MOTION TO STRIKE SURPLUSAGE |

The Government moves to strike what it considers surplusage in the Superseding Indictment. Doc. 87. The Government specifically seeks to strike the phrase "and being an unlawful user of a controlled substance, and knowing he was an unlawful user of a controlled substance" from the Superseding Indictment. Id. Garrett does not object.

Under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it (1) contains the elements of the charged offense and fairly informs the defendant of the charge against which he or she must defend and (2) enables him or her to plead double jeopardy as a bar to further prosecution." United States v. Stands, 105 F.3d 1565, 1575 (8th Cir.1997). Accordingly, "drop[ping] from an indictment those allegations that are unnecessary to an offense that is clearly contained within it" does not result in an unconstitutional amendment to the indictment. United States v. Miller, 471 U.S. 130, 144 (1985). Indeed, "[a]llegations in the indictment that are not necessary to establish a violation of a statute are surplusage and may be disregarded if the remaining allegations are

sufficient to charge a crime." United States v. McIntosh, 23 F.3d 1454, 1457 (8th Cir. 1994). Moreover, "where an indictment charges several offenses, or the commission of one offense in several ways, the withdrawal from the jury's consideration of one offense or one alleged method of committing it does not constitute a forbidden amendment of the indictment." Miller, 471 U.S. at 146.

Federal Rule of Criminal Procedure 7(d) authorizes a district court, "[u]pon the defendant's motion," to "strike surplusage from the indictment or information." Despite Rule 7(d)'s language, the Government may also move to strike surplusage from an indictment. See United States v. Augustin, 661 F.3d 1105, 1116 (11th Cir. 2011) (per curiam) ("This Court and the Supreme Court have both recognized that the government may move to strike surplusage from an indictment."). "A motion to strike surplusage from an indictment is a matter within the discretion of the district court." United States v. Morales, 813 F.3d 1058, 1066 (8th Cir. 2016).

Here, the Superseding Indictment charges Garrett with one count of Possession of Ammunition by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(8). Doc. 59. Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." Section 922(g)(3) makes it unlawful for any person "who is an unlawful user of or addicted to any controlled substance" to "possess in or affecting commerce, any firearm or ammunition." Despite alleging violations of two separate provisions of 18 U.S.C. § 922(g), the Superseding Indictment does not allege the violations as two separate counts. Nor should it. In United States v. Richardson, the United States Court of Appeals for the Eighth Circuit held that "Congress intended the 'allowable unit of prosecution' [in § 922(g)] to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g)

classification." 439 F.3d 421, 422 (8th Cir. 2006) (en banc) (per curiam).  Alleging the violations of § 922(g)(1) and § 922(g)(3) as separate counts would have been multiplicitous and in violation of double jeopardy.  See United States v. Haynes, 62 F.4th 454, 460 (8th Cir. 2023).  Instead, the Eighth Circuit has instructed that "where a statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction."  United States v. Roy, 408 F.3d 484, 492 n.4 (8th Cir. 2005) (cleaned up and citation omitted).  The Government did so here.

The Superseding Indictment presents two distinct theories for a violation of § 922(g), both of which, if proven beyond a reasonable doubt, could independently support a conviction.  The Government now moves to strike only the portion of the Superseding Indictment alleging a violation of § 922(g)(3) based on Garrett's alleged status as an unlawful user of a controlled substance and intends to only prosecute Garrett for a violation of § 922(g)(1) as sufficiently alleged in the indictment.  Because the Government intends only to pursue § 922(g)(1), the allegations related to Garrett being an unlawful user of a controlled substance "are not necessary to establish a violation of a statute" and "may be disregarded."  McIntosh, 23 F.3d at 1457.  Therefore, it is

ORDERED that the Government's Motion to Strike Surplusage, Doc. 87, is granted.  The phrase "and being an unlawful user of a controlled substance, and knowing he was an unlawful user of a controlled substance" and the reference to 18 U.S.C. § 922(g)(3) are struck from the Superseding Indictment.

DATED this 9ᵗʰ day of June, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE